E-filing

MICHAEL M. HERRICK, Bar No. 63666 (herrick@wagelaw.com)
HERRICK LAW OFFICES
1750 Montgomery Street, # 1104
San Francisco, CA 94111-1063
Telephone:   415.781.2804
Facsimile:    415.781.8446

Attorney for Plaintiff
MIGUEL VALDEZ ALVARADO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL VALDEZ ALVARADO, <br><br> Plaintiff, <br><br> vs. <br><br> AL'S ROOFING SUPPLY, INC. and Does One through Ten, <br><br> Defendants. | Case No. C07-0624 <br><br> **COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** <br><br> 1). Violation of California Labor Code §1194; 2). Violations of The Fair Labor Standards Act (Non-payment of overtime); 3). For Restitution of Unpaid Overtime Wages in Violation of California's Unfair Trade Practices Act. (B.P.C. 17200); 4). Civil Penalties Under Labor Code §558; and 5). L.C. §203 "waiting time" penalties. |

The Plaintiff, MIGUEL VALDEZ ALVARADO, for his complaint alleges as follows:

**NATURE OF CLAIM**

1. This is a complaint by a former employee against his ex-employer for damages arising out his employer's failure to pay him overtime as required by the Fair Labor Standards Act and the California Wage Orders and Statutes. The Plaintiff seeks compensatory damages for unpaid wages and restitution under California's Unfair Trade Practices Act in addition to:

ALVARADO COMPLAINT FOR
DAMAGES

1

Liquidated damages under Title 29 U.S.C. Section 216(b), waiting time penalties under California Labor Code Section 203, attorneys' fees and costs, and pre-judgment interest pursuant to California Labor Code Section 1194(a) and Title 29 U.S.C. Section 216(b).

## PARTIES

2. The Plaintiff sues fictitious Defendants Does One through Ten, inclusive, pursuant to Federal Rules Civil Procedure Rules 4 and 15 consistent with CCP Section 474, because their true names and/or capacities (whether individual, corporate, associate, or otherwise), and/or facts showing them liable, are not known presently. Unless otherwise indicated, each Defendant is sued as the agent and acting with the full knowledge and consent of the other said co-defendants. Plaintiff will ask leave of the Court to amend this Complaint to show their true names and capacities when the same have been ascertained. Plaintiff is informed and believes, and thereon alleges that each of these fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that the Plaintiff's injuries herein alleged were proximately caused by the aforementioned Defendants.

3. At all times herein mentioned: Defendant, AL'S ROOFING SUPPLY, INC. (hereinafter referred to as "AL'S ROOFING SUPPLY" or "Defendant"), on information and belief, is a California corporation organized and existing under the laws of California with its principal offices located in Hayward, California.

4. Plaintiff, MIGUEL VALDEZ ALVARADO (hereinafter "ALVARADO" or "Plaintiff"), was employed by Defendant from December 2001 until May 2006. ALVARADO, at all times relevant herein, was a resident of the City of Freedom, in Santa Cruz County, State of California, and performed his work within the geographical limits of the Federal Northern District of California.

## JURISDICTION

5. Jurisdiction of this action is based upon Fair Labor Standards Act, (FLSA) 29 U.S.C. §§201 et seq. and the supplemental jurisdiction of this court.

ALVARADO COMPLAINT FOR DAMAGES      2.

6. Plaintiff, ALVARADO, is a citizen of the State of California County of Santa Cruz. Defendant, AL'S ROOFING SUPPLY, is a California Corporation doing business in the State of California. The matter in controversy exceeds, exclusive of interest and costs, the sum of $128,000.

## GENERAL ALLEGATIONS

7. During the period that included December 2001 until May 2006, the Plaintiff was employed by the Defendant under the title of driver/worker, with the primary duties of delivering supplies and loading and unloading trucks for AL'S ROOFING SUPPLY from Defendant's Menlo Park, CA location to customers in Northern California.

8. Plaintiff was employed by the Defendant for an indefinite duration pursuant to an employment agreement. The terms of the agreement generally provided that Plaintiff would work 86.8 hours every two weeks, and in return he would be paid a wage of $1700 every two weeks.

9. By the nature of the actual job duties that he performed, Plaintiff was not subject to any valid exemptions from overtime pursuant to the Fair Labor Standards Act, at 29 CFR §§ 541.112, 541.209 and 541.309. Plaintiff's primary duties did not require that he exercise independent discretion and judgment or regularly require invention or imagination in a recognized field of artistic endeavor more than fifty percent of his working time.

10. At no time during Plaintiff's employment did Plaintiff maintain any professional license with the State to practice any recognized profession, nor did Plaintiff manage any division of the Defendant employer's business where he customarily and regularly exercised discretionary powers or perform services of management. Plaintiff did not participate in the development of general administrative polices of his employer.

## COUNT ONE

*Violation Of California Labor Code, Non-Payment Of Overtime, Labor Code Sections §510, 1194 - 1173*

11. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-10.

12. At all times relevant herein, Plaintiff's employment was subject to California

ALVARADO COMPLAINT FOR DAMAGES                    3.

Labor Code Sections 1194 and 510, and the applicable Wage Orders promulgated by the California Industrial Welfare Commission pursuant to Labor Code Section 1173, which required all employees to be paid overtime for work performed in excess of forty hours per week, unless specifically exempted by the law.

13. During the period of December 2003 to May 2006, the Plaintiff worked on Defendant's behalf in excess of eight hours per day and averaging in excess of 54 hours per week. Plaintiff received no overtime compensation from Defendant for these hours worked in excess of forty hours per week.

14. From December 2003 until May 2006, Defendant knowingly caused, suffered and permitted Plaintiff to regularly work in excess of forty hours per week without paying Plaintiff one and one half, or double, Plaintiff's regular rate of pay. Defendant was fully aware of both the hours worked and duties assigned to Plaintiff. Defendant caused the Plaintiff to work such hours without additional compensation or else suffer the loss of his employment.

15. By not paying overtime wages in compliance with the state law, Defendant violated Plaintiff's rights under the law, specifically California Labor Code Section 1194.

16. As a direct and proximate result of Defendant's failure to pay proper wages under the California Wage Orders, Plaintiff incurred general damages in the form of lost wages in the amount presently believed to be by the Plaintiff to be in excess of $56,000.

17. Defendant is aware of the existence and requirements of the California Labor Code Sections 510 and 1194 and the Wage Orders, and willfully, knowingly and intentionally failed to pay Plaintiff the overtime compensation due to his at the time his employment ended.

18. Plaintiff was required to retain attorneys for the purpose of bringing this action and is entitled to an award of attorneys' fees and pre-judgment interest pursuant to California Labor Code Section 1194(a).

WHEREFORE, Plaintiff prays for judgment as set forth below.

ALVARADO COMPLAINT FOR DAMAGES                    4.

# COUNT TWO

*Violation Of The Fair Labor Standards Act, 29 U.S.C. Section 209, et seq.*

19. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-18.

20. At all times relevant herein, Plaintiff's employment was subject to the provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. Section 201, et seq. and the Plaintiff was an individual employee covered by virtue of his direct engagement in interstate commerce.

21. During the period of December 2003 until May 2006, Plaintiff worked on Defendant's behalf in excess of forty hours per week. Plaintiff received no additional compensation from Defendant for these hours worked in excess of forty hours per week. At all times Plaintiff performed "non-exempt" duties in excess of that allowed by the code of federal regulations which implements the Fair Labor Standards Act, at *29 CFR 541.112, 541.209* and *541.309*.

22. During the period of December 2003 until May 2006, Defendant knowingly caused, suffered and permitted Plaintiff to regularly work in excess of forty hours per week without paying Plaintiff one-and-one-half times Plaintiff's regular rate of pay. Defendant was fully aware of both the hours worked and the duties assigned to the Plaintiff. Defendant caused Plaintiff to work such hours without additional compensation or suffer the loss of his employment.

23. By not paying overtime wages in compliance with FLSA, Defendant violated Plaintiff's right under this Act.

24. As a direct and proximate result of Defendant's failure to pay proper wages under the FLSA, Plaintiff incurred liquidated damages in the form of lost wages in the amount presently known to the Plaintiff to be in excess of $33,000.

25. Defendant intentionally, with reckless disregard for its responsibilities under the FLSA, and without good cause, failed to pay Plaintiff his proper pay and thus Defendant is liable to Plaintiff for liquidated damages in an amount equal to Plaintiff's lost wages pursuant to Title 29 U.S.C. Section 216(b) of the FLSA.

26. Plaintiff was required to retain attorneys for the bringing of this action and is

entitled to an award of reasonable attorneys' fees pursuant to Title 29 U.S.C. Section 216(b) of the FLSA.

WHEREFORE, Plaintiff prays for Judgment as set forth below.

## COUNT THREE

*For Restitution of Unpaid Overtime Wages in Violation of California's Unfair Trade Practices Act. (B.P.C. 17203)*

27. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-26.

28. At all times relevant herein, Plaintiff's employment was subject to California Labor Code Section 1194 and applicable Wage Orders promulgated by the California Industrial Welfare Commission pursuant to Labor Code Section 1173, which required all employees to be paid overtime for work performed in excess of forty hours per week unless specifically exempted by the law.

29. At all times relevant herein, Defendant was Plaintiff's employer and was a person subject to the California Unfair Trade Practices Act (California Business and Professions Code Sections §17000 et seq.) and failed to pay the Plaintiff overtime pay as required by California Labor Code Section 1194 and applicable Wage Orders, which required all employees to be paid overtime wages for work performed in excess of forty hours per week unless specifically exempted by the law.

30. During the period of December 2003 until May 2006, the Plaintiff worked on Defendant's behalf in excess of forty hours per week and eight hours per day. Plaintiff received no compensation for overtime to which he was legally entitled from Defendant for these hours worked in excess of forty hours per week or eight hours a day, but instead was only paid Plaintiff's regular salary with Defendant keeping to itself the amount which should have been paid to the Plaintiff.

31. By not paying overtime wages in compliance with the state law, Defendant violated Section 17203 of the Unfair Trade Practices Act by committing acts prohibited by applicable Wage Orders and Labor Code Section 1194 and thus giving it a competitive advantage over other employers and businesses with whom it was in competition and who were in compliance

with the law.

32. As a direct and proximate result of Defendant's violations and failure to pay the required overtime wages under Wage Orders, the Plaintiff's rights under the law were violated and the Plaintiff incurred general damages in the form of unpaid wages to which he was legally entitled in the amount presently believed to be in excess of $56,000.

33. Defendant is aware of the existence and requirements of the Unfair Trade Practices Act, applicable Labor Code Sections and the California Wage Order, but willfully, knowingly, and intentionally failed to pay Plaintiff the overtime compensation due.

34. Plaintiff, having been illegally deprived of the overtime wages to which he was legally entitled herein seeks restitution of such wages pursuant to Section 17203 of the Business and Professions Code.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## COUNT FOUR

*(Penalty for Failure to Pay Overtime Wages Labor Code Sec. 558)*

35. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-34.

36. From December of 2003 until May of 2006, Defendant failed to pay the Plaintiff his overtime wages and is therefore an "aggrieved employee" for the purposes of Labor Code Section 2699.

37. Pursuant to California Labor Code Section 558, the employer's failure to pay overtime wages shall cause the employer to be liable for a civil penalty of $50, to be paid to the State of California and to the Plaintiff pursuant to Section 2699 for each pay period the employee was underpaid.

38. Defendant failed to pay Plaintiff his overtime wages for 126 (One hundred twenty-six) weekly pay periods for civil penalties due of approximately $6300.

ALVARADO COMPLAINT FOR DAMAGES                    7.

## COUNT FIVE

*(Penalty for Failure to pay wages at termination Labor Code Sec. 203)*

39. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-38.

40. At the time Plaintiff's employment was terminated by Defendant, Defendant owed Plaintiff in excess of $56,000 in unpaid overtime wages.

41. Failure to pay wages at an employee's termination as required by Labor Code §201, subjects the employer to penalties provided for in Labor Code Section 203, up to 30 days of wages.

42. As of this date these wages have not been paid, thus making Defendant liable to Plaintiff for penalties for thirty (30) days wages of approximately $5100.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays judgment against the Defendants and demands as follows:

1. For compensatory damages for unpaid overtime in the amount according to proof of approximately $56,000;

2. For liquidated damages of double the unpaid overtime pursuant to Title 29 U.S.C. Section 216(b) of the FLSA believed to be in the amount of approximately $33,000;

3. For the restitution of his overtime wages pursuant to California Business and Professions Code Section 17203 believed to be in the amount of approximately $56,000;

4. For civil penalties pursuant to Labor Code Section 558 of $6300;

5. For waiting time penalty damages of thirty days' wages, pursuant to California Labor Code Section 203 of approximately $5100;

6. For civil penalties pursuant to Labor Code Section 226.7;

7. For pre-judgment interest of 10% on the unpaid overtime compensation pursuant to California Labor Code Section 1194(a);

8. For reasonable attorneys' fees pursuant to California Labor Code Section

ALVARADO COMPLAINT FOR DAMAGES                              8.

1194(a) and Title 29 U.S.C., Section 216(b) of the FLSA;

9. For costs of suit herein;

10. For such other and further relief as the Court may deem appropriate;

11. The total amount claimed in this complaint, exclusive of interest, costs and attorneys' fees, is $100,400.

Dated: December 11, 2007

MICHAEL M. HERRICK
Attorney at Law

By: _____
MICHAEL M. HERRICK
Attorney for Plaintiff
MIGUEL VALDEZ ALVARADO

ALVARADO COMPLAINT FOR DAMAGES                    9.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all claims alleged herein.

Dated: December 11, 2007

MICHAEL M. HERRICK
Attorney at Law

By: _____
MICHAEL M. HERRICK
Attorney for Plaintiff
MIGUEL VALDEZ ALVARADO